# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KATHLEEN P. YOUNG,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　Case No.  6:10-cv-201-Orl-28DAB

**HILTON GRAND VACATIONS CLUB, LLC,  HILTON GRAND VACATIONS COMPANY, LLC,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 22)
>
> **FILED:**　December 3, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the

FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's response to Court interrogatories (Doc. 11), Plaintiff was employed by Defendants[1] as an executive assistant from November 2006[2] to January 2010 and alleged that she was not paid for 25 hours of overtime per week for approximately 70 weeks. Doc. 11-1. Plaintiff sought $52,111.50 in overtime, plus an equal amount in liquidated damages. Doc. No. 11-1. The settlement to Plaintiff is for $30,000 in unpaid wages and liquidated damages.

The parties represent in the Joint Motion (Doc. 22) that the settlement occurred following an adversarial matter in which both Plaintiff and Defendant were represented by experienced counsel and the lawsuit involved disputed issues. According to the Joint Motion, the factors considered in the

---

[1] Defendants maintained throughout the litigation that Hilton Grand Vacations Club, LLC was not Plaintiff's employer; the use of "Defendants" is consistent with the parties' use of the term in the Joint Motion for Approval of Settlement.

[2] Plaintiff's claim was for the period September 2008 to January 2010. Doc. 11-1.

compromise of Plaintiff's claim include Defendants' "good faith" defense pursuant to 29 U.S.C. § 260 (see Doc. 18 at Fifth Defense); that Plaintiff's entire claim was "off the clock work," (Doc. 11 at ¶ 6), and the difficulty of proving such a claim; that Plaintiff reported her own time and pursuant to Defendant's policies was responsible for reporting all hours she worked; evidence produced by Defendants suggest Plaintiff's hours may have been misreported; and that Defendants fired Plaintiff for allegedly falsifying her time sheets, which Plaintiff denied while recognizing the difficulties such an issue would present at a jury trial. Doc. 22 at 5.

The parties further explain that, because Plaintiff's entire claim was "off-the-clock," consisting of work allegedly occurring away from the worksite (*i.e.,* home), Plaintiff also considered whether she would be able to demonstrate the requisite knowledge on behalf of Defendants in order for Plaintiff to recover under the FLSA. See Fletcher v. Universal Tech. Inst., Inc., 2006 WL 2297041 *1 (M.D. Fla. June 15, 2006) ("a plaintiff must show that his employer had knowledge … of his overtime worked.") (internal quotations and citations omitted).  When one considers the factors outlined in paragraph 21, the likelihood of proving entitlement to overtime was low (*i.e.,* because of the potential lack of knowledge on the part of Defendants). Likewise, considering the relevant factors, proving the overtime hours worked by a reasonable and just inference would be extremely difficult. As such, Plaintiff concluded that her claim fell within the lower end of the spectrum of potential recovery. Finally, another factor considered was that Plaintiff has moved on with her life. She has a new home, a new job, and is planning to get married in the near future. She simply wanted to put to rest an unpleasant time in her life. Doc. 22.

The parties have agreed that Defendant will pay Plaintiff's attorneys $10,000 in attorney's fees and costs.  Plaintiff's counsel has provided an affidavit that there will be no application of a contingency fee agreement to Plaintiff's claim and Plaintiff's FLSA claim has not and will not be

compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract. Doc. 22 at 5.

Plaintiff's counsel has incurred 56 hours of time on the litigation and mediation at a rate of $250 per hour, which Mr. Adams has previously been awarded in the Middle District. *See* Doc. 22 at 6 (listing cases); Mr. Adam's paralegal expended 34.6 hours at a rate of $95, for a total of $17,312 in attorney's fees and $450 in costs. Doc. 22 at 6. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case, which went beyond the initial FLSA case management to a Track II Case Management and Scheduling Order, discovery, and settled at mediation.

Settlement in the amount of $30,000 to Plaintiff for unpaid wages and liquidated damages, and $10,000 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 6, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy